NO.
12-10-00047-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

SHAWN
WILLIAM UPCHURCH,             §         APPEAL FROM THE 173RD

APPELLANT

 

V.                                           
§         JUDICIAL DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                  
§         HENDERSON COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

PER CURIAM

Shawn
William Upchurch appeals his conviction for intoxication manslaughter.
Appellant=s counsel filed a brief in
compliance with Anders v. California, 386 U.S. 738, 87 S. Ct.
1396, 18 L. Ed. 2d 493 (1967), and Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969).  We dismiss Appellant=s
appeal.

 

Background

Appellant
was charged by indictment with the offense of intoxication manslaughter, a
second degree felony.[1]  The indictment also alleged
that Appellant used or exhibited a deadly weapon during the commission of the
offense.  Appellant pleaded “not guilty,” and the case proceeded to a jury
trial.  After the trial concluded, the jury found Appellant guilty of intoxication
manslaughter, and found that he used or exhibited a deadly weapon during the
commission of the offense.  After a sentencing hearing, the trial court
assessed his punishment at fifteen years of imprisonment.[2]  This appeal followed.

 

Analysis
pursuant to Anders v. California

Appellant=s counsel filed a brief in compliance with Anders
and Gainous, stating that he has diligently reviewed the
appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated. From
our review of Appellant=s brief, it is apparent that his
counsel is well acquainted with the facts in this case. In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807, 812
(Tex. Crim. App. 1978), counsel=s brief presents a chronological
summation of the procedural history of the case, and further states that
counsel is unable to raise any arguable issues for appeal. We have reviewed the
record for reversible error and have found none.[3]
See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App.
2005).

 

Conclusion

As
required, Appellant=s counsel has moved for leave to
withdraw. See In re Schulman, 252 S.W.3d 403, 407 (Tex. Crim.
App. 2008) (orig. proceeding); Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991). We agree with Appellant=s counsel that the appeal is wholly frivolous and
his motion for leave to withdraw is hereby granted.  See In
re Schulman, 252 S.W.3d at 408-09.

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review. See Tex.
R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. 
Should Appellant wish to seek further review of this case by the Texas Court of
Criminal Appeals, he must either retain an attorney to file a petition for
discretionary review or he must file a pro se petition for discretionary
review. See In re Schulman, 252 S.W.3d at 408 n.22.  Any petition
for discretionary review must be filed within thirty days from the date of
either this opinion or the last timely motion for rehearing that was overruled
by this court. See Tex. R. App.
P. 68.2.  Any petition for discretionary review must be filed with this
court, after which it will be forwarded to the Texas Court of Criminal Appeals
along with the rest of the filings in this case.  See Tex. R. App. P. 68.3; In re
Schulman, 252 S.W.3d at 408 n.22. Any petition for discretionary review
should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure. See Tex. R.
App. P. 68.4; In re Schulman, 252 S.W.3d at 408 n.22.

We
dismiss Appellant=s appeal.

Opinion
delivered July 13, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)

                                                                         

 









[1] See Tex. Penal Code Ann. § 49.08(b) (Vernon
2011). 





[2] An individual
adjudged guilty of a second degree felony shall be punished by imprisonment for
any term of not more than twenty years or less than two years and, in addition,
a fine not to exceed $10,000. Tex. Penal
Code Ann. § 12.33 (Vernon 2011).





[3] Counsel for
Appellant certified that he provided Appellant with a copy of his brief and
informed Appellant that he had the right to file his own brief. Appellant was
given time to file his own brief, but the time for filing such a brief has
expired and we have received no pro se brief.